# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EDWARD F. AITKEN, JR.,<br>(2) TERRY O. COSSINS, and<br>(3) NATHAN M. SHEEHAN,<br><br>    Plaintiffs,<br><br>v.<br><br>(1) LTL USA, INC.,<br>(2) JEFFREY LEE KLINE,<br>(3) CAROLINA CASUALTY INS. CO.,<br>(4) PENSKE TRUCK LEASING CORP., and<br>(5) XPRESSWAY MOTOR, LLC,<br><br>    Defendants. | Case No. CIV-16-216-RAW |

## ORDER

Plaintiffs filed their Petition on April 7, 2016 in Bryan County, Oklahoma. Penske Truck Leasing Corp. (hereinafter "Penske") filed a Notice of Removal pursuant to 28 U.S.C. § 1441 on May 27, 2016, arguing that the court should disregard the citizenship of Xpressway Motor, LLC (hereinafter "Xpressway") because it was procedurally misjoined. Now before the court is Plaintiff's motion to remand filed June 17, 2016 [Docket No. 11]. Plaintiff argues that the removal was untimely, that the Defendants did not unanimously consent to the removal, that the Tenth Circuit does not recognize procedural misjoinder and that even if it did, Xpressway was properly joined.

When a civil action is brought in a state court "of which the district courts of the United States have original jurisdiction," the defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Removing defendants bear the burden of establishing jurisdiction. Martin v.

Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). As this removal was pursuant to the general removal statute, 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Sections 1441 and 1446 "require all defendants to join in the removal petition." Akin v. Ashland Chemical Co., 156 F.3d 1030, 1034 (10th Cir. 1998).

Penske was served on April 26, 2016.[1] Docket No. 11, Exh. 4. Defendant Carolina Casualty Insurance Company (hereinafter "Carolina Casualty") was served on May 11, 2016. Docket No. 11, Exh. 6. Defendants Carolina Casualty and LTL USA, Inc. (hereinafter "LTL"), represented by the same counsel, filed a joint answer on May 13, 2016. Docket No. 3, Exh. 3.

Although they had been served, Penske admits that Carolina Casualty and LTL did not join or consent to the removal on May 27, 2016. Penske argues that at the time of removal, counsel for Carolina Casualty and LTL had informed it that they would "likely" consent. The likelihood of consent is not consent. Penske argues, however, that Carolina Casualty and LTL had thirty days, until June 11, 2016, to consent. On June 29, 2016, Penske's counsel received notice from counsel for Carolina Casualty and LTL stating that they did not consent to removal. As there was not consent from all properly joined and served Defendants, the removal was procedurally defective. See 28 U.S.C. § 1447(c); Cornwall v. Robinson, 654 F.2d 685 (10th Cir. 1981). Accordingly, the motion to remand [Docket No. 11] is hereby granted. This action is hereby remanded to the District Court of Bryan County, Oklahoma.[2]

---

[1] Although it was docketed on May 27, 2016, it appears that Penske sent the Notice of Removal to the court on May 26, 2016, within the thirty-day time limit. Docket No. 15, Exh. 1.

[2] Plaintiffs also request that the court award attorney fees incurred as a result of the removal. Pursuant to § 1447(c), the court has discretion to award fees incurred as a result of the removal. To award fees, the court must find that Penske lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 322 (10th Cir. 1997). Because Penske believed at the time

2

**IT IS SO ORDERED** this 27th day of July, 2016.

*/s/ Ronald A. White*
_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

---

of the filing of the removal that the other Defendants would consent, the court declines to award fees.